United States Bankruptcy Court
Middle District of North Carolina

In re:                                                          Case No. 15-50155-lmj
Christy Marie Ready                                             Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0418-6        User: hammock        Page 1 of 1              Date Rcvd: Feb 23, 2015
                            Form ID: 285         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 25, 2015.
db             +Christy Marie Ready,    18711 Ruffner Drive 2-H,    Cornelius, NC 28031-8309

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 25, 2015                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 23, 2015 at the address(es) listed below:
              John A. Meadows    on behalf of Debtor Christy Marie Ready dalken99@bellsouth.net
              Kathryn L. Bringle,    office@chapter13ws.com
                                                                                              TOTAL: 2

Form 285

# UNITED STATES BANKRUPTCY COURT

Middle District of North Carolina
226 S. Liberty Street
Winston−Salem, NC 27101

Bankruptcy Case No.: 15−50155

IN THE MATTER OF:
Christy Marie Ready     xxx−xx−4264
18711 Ruffner Drive 2−H
Cornelius, NC 28031

   Debtor(s)

## NOTICE OF APPOINTMENT OF TRUSTEE AND MEETING OF CREDITORS

DATE FILED: 2/21/15
CREDITORS MEETING DATE: 3/27/15

**TAKE NOTICE** that Kathryn L. Bringle is appointed Trustee; and take further

**NOTICE** that, pursuant to Standing Order of this Court, the Debtor, within four (4) days after receipt of this notice shall contact the Trustee's Office,

*Winston−Salem Chapter 13 Office*
*2000 West First St.,Suite 300*
*P. O. Box 2115*
*Winston−Salem, NC 27102−2115*

at (336) 722−1139 for an interview appointment. Pursuant to 11 U.S.C. Section 1326 the Debtor shall commence making the payments proposed by the plan within 30 days after the plan is filed; and take further

**NOTICE** that the Meeting of Creditors pursuant to Section 341 (a) of the Bankruptcy Code herein be held in:

*Creditors Meeting Room*
*First Floor*
*226 South Liberty Street*
*Winston−Salem NC 27101*

on the date hereinabove noted at 01:00 PM ; and take further

**NOTICE** that the Debtor shall appear at the time and place appointed for the meeting of creditors for the purpose of being examined as provided by the Bankruptcy Code; and take further

**NOTICE** that after the conclusion of the Meeting of Creditors, all parties in interest and creditors will be notified of the deadline for filing objections to confirmation of the plan and the time, date and place of the hearing on any timely filed objections; and take further

**NOTICE** that pursuant to the Standing Order of this Court, the Debtor must maintain adequate collision insurance on any and all vehicles which are subject to lien and owned by the Debtor. In the event the Debtor fails to do so, the Trustee is authorized to direct that the vehicle be stored until evidence of proper insurance coverage is submitted; and take further notice that the Debtor may not incur additional debts nor transfer assets without authorization from the Trustee or the Court.

**Date: 2/23/15**                                                                                               **U.S. Bankruptcy Court**

**cc: Debtor(s)**
   **Attorney for Debtor(s)**                                                                    **OFFICE OF THE CLERK/ ssh**
   **Standing Trustee**