```
                    UNITED STATES BANKRUPTCY COURT
                   MIDDLE DISTRICT OF NORTH CAROLINA
                        WINSTON-SALEM DIVISION
```

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| CHRISTY MARIE READY    xxx-xx-4264 | ) | Case No. 15-50155 C-13W |
| 18711 Ruffner Drive 2-H | ) | |
| Cornelius, NC  28031 | ) | |
| | ) | |
| Debtor. | ) | |

### NOTICE OF PROPOSED PLAN AND ORDER CONFIRMING PLAN
### AND TIME FOR FILING OBJECTION THERETO

1. A summary of the plan proposed by the Debtor(s) is set forth in the attached copy of a proposed Order Confirming Plan in this case.

2. The plan will be confirmed after the time period for filing objections has expired unless a timely objection is filed or a hearing is ordered by the Court. There will be no hearing on confirmation unless a timely objection is filed or a hearing is ordered.

3. Written, detailed objections must be _filed_ within 28 days of the date of this notice with the Clerk of Court, U.S. Bankruptcy Court, 226 South Liberty Street, Winston-Salem, NC, 27101, with copies served on (1) Kathryn L. Bringle, Standing Trustee, P.O. Box 2115, Winston-Salem, NC 27102-2115; (2) the attorney for the Debtor(s); and (3) the Debtor(s). If the objecting party is a corporation, the objection must be filed by legal counsel admitted to practice in this District.

4. In the event a timely objection is filed or a hearing is ordered, the hearing on the objection to confirmation and on confirmation of the proposed plan will be held on May 20, 2015, at 9:30 a.m. in the Courtroom, First Floor, U.S. Bankruptcy Court, 226 South Liberty Street, Winston-Salem, NC. The party objecting must appear at this hearing if the objection is to be pursued.

5. The Debtor(s) and the attorney for the Debtor(s) are required to appear at any hearing on confirmation.

6. There will be no further mailing of the Order Confirming Plan to affected parties unless there is a change in the attached proposed Order Confirming Plan.

DATE: April 10, 2015                    Office of the Clerk
                                        Reid Wilcox, Clerk

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

In Re:                                                  )    ORDER CONFIRMING PLAN
                                                        )           CHAPTER 13
                                                        )
**CHRISTY MARIE READY**            xxx-xx-4264          )
**1877 Ruffner Drive 2-H**                              )
**Cornelius, NC  28031**                                )
                                                        )    Case No. B-**15-50155** C-13W
                                                        )
        Debtor(s)                                       )

      This case came before the Court, after notice and opportunity for hearing, for confirmation of the Chapter 13 plan proposed in this case; and IT APPEARING to the Court as follows:

I.      The Trustee in this case is <u>Kathryn L. Bringle</u>, Standing Trustee, <u>P. O. Box 2115</u>, <u>Winston-Salem, North Carolina 27102-2115</u>;

II.     The attorney for the Debtor(s) is **John A. Meadow**;
III.    Under the final plan (the "Plan") as proposed:

    **A.**    **Plan Payments**

        1.    The Debtor(s) is/are to make monthly payments to the Trustee which are to be disbursed by the Trustee in accordance with the Plan and this Order;

        2.    The monthly plan payment to the Trustee is **<u>$100.00</u>** beginning **<u>March 2015</u>**;

    **B.**    **Administrative Costs**

        **1.**    **Attorney Fees.** The Attorney for the Debtor(s) is allowed **a** fee of **$2,000.00**. The Attorney has received **$500.00** from the Debtor(s) pre-petition and the remainder of the base fee will be paid by the Trustee as funds are available.

        **2.**    **Trustee costs.** The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

C.  **Priority Claims**

   Any timely filed claims entitled to priority under 11 U.S.C. §507, on behalf of the entities listed below, will be paid in full in deferred cash payments unless otherwise indicated.

   1.  Internal Revenue Service

   2.  North Carolina Department of Revenue

   3.  Mecklenburg County Tax Collector

D.  **Secured Claims**

   1.  Property To Be Released.

*Upon timely filing of a claim documenting a non-preferential perfected lien the following property is released for liquidation and the creditor is allowed 180 days (for real property) and 120 days (for personal property) from the date of entry of this Order to file a documented deficiency claim after liquidating the property. The automatic stay and co-debtor stay, if applicable, are lifted as to the property released. The requirements of Rule 3002.1 are terminated.*

| Creditor | Property to be Released | Claim filed (Y/N) |
|---|---|---|
| **Kia Motors Finance** | **2013 Kia Optima** | **N** |

E.  **General Unsecured Claims Not Separately Classified.**

   General unsecured claims not separately classified will be paid as funds become available after payment of costs of administration. The estimated dividend to general unsecured claims is **1%**.

F.  **Special Provisions**

   **Karl Roe**
   **The Debtor is purchasing a 2010 Chevy Equinox from this Creditor and is making payments directly to the lienholder who financed the purchase for Karl Roe. After the Debtor has made all payments under the purchase contract, the ownership of the vehicle will be transferred from Karl Roe to the Debtor.**

   **Patrick Ready**
   **This Creditor was listed on the petition schedules with a debt of $56,575.00 based on a property settlement. The Debtor proposes to classify any timely filed claim as an unsecured general claim.**

G.  The Debtor(s) will pay **THE GREATER OF** the amount necessary to pay all allowed costs of administration, priority and secured claims in full, with the exception of continuing long term debts, **OR** a **minimum** of **36** monthly plan payments, with the plan to be reviewed in twelve (12) months and periodically thereafter for plan payment adjustments;

H.  The terms and provisions of the Amended Standing Order dated May 22, 2014 are incorporated in this Order and are available on the Court's website at **www.ncmb.uscourts.gov**

I.  **IT FURTHER APPEARING** to the Court that the Plan complies with the requirements of 11 U.S.C. §1325; therefore, it is

   **ORDERED** that the Plan is confirmed.

END OF DOCUMENT