IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Bankruptcy Case No. 15-50155 C-13W |
| CHRISTY MARIE READY, ) | |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |
| PATRICK READY, ) | |
| ) | Adversary Proceeding No. _____ |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **COMPLAINT OBJECTING TO** |
| CHRISTY MARIE READY, ) | **DISHCHARGEABILITY OF DEBT** |
| ) | |
| Defendant. ) | |

Plaintiff, by and through undersigned counsel, files this complaint against the Defendant, alleges and says as follows:

1. This is an adversary proceeding to determine the dischargeability of a debt pursuant to Rules 4007 and 7001(6) of the Bankruptcy Rules of Procedure and Section 1328 of the United States Bankruptcy Code.

2. Plaintiff Patrick Ready ("Plaintiff") is a citizen and resident of Charlotte, Mecklenburg County, North Carolina.

3. Upon information and belief, Defendant Christy Marie Ready ("Defendant") is a citizen and resident of Cornelius, Mecklenburg County, North Carolina.

4. Defendant is the Debtor in a Chapter 13 case currently pending in this Court (Bankruptcy Case No. 15-50155) and filed on February 21, 2015.

5. Plaintiff is the ex-husband of Defendant.

6. Defendant, through counsel, filed a domestic lawsuit, entitled Christy Ready v. Patrick Ready, Mecklenburg County, North Carolina File No. 06-CVD-1898 on January 26, 2006 ("domestic case").

7. Plaintiff and Defendant entered into a Consent Judgment on or about October 3, 2006. A true and correct copy of the Consent Judgment is attached hereto as Exhibit A.

8. The Consent Judgment awarded Defendant exclusive possession of the formal marital home located at 5421 Waverly Lynn Lane, Charlotte, North Carolina 28269 (hereinafter "the Property") and stated that the Defendant would be solely responsible for payment of the mortgage and any second mortgages or equity lines secured by the Property.

9. Further, the Consent Judgment states that the Defendant would make her best efforts to refinance the listed loan within two (2) years and if not accomplished within three (3) years the Property would be listed for sale.

10. On or about February 7, 2008, Defendant filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code in the Western District of North Carolina, Charlotte Division (In re: Christy Marie Ready; Bankruptcy Case No. 08-30234).

11. Although Plaintiff was aware of the missed mortgage payments by his ex-wife, he was on active duty from January 1, 2011 to January 1, 2012 out of the country and then stationed at the Wounded Warrior Battalion on Fort Brag, North Carolina for an additional year and was not able to hire an attorney immediately to deal with this issue.

12. On or about January 30, 2013, Plaintiff filed a Motion for Contempt for Judicial Assistance against Defendant. The Contempt Order was entered on or about April 16, 2013. A true and correct copy of the Contempt Order is attached hereto as Exhibit B.

13. The Court took testimony, heard from both parties and their attorneys including a former realtor, at the hearing on the Motion for Contempt prior to making its ruling.

14. The Court found that the Defendant was in civil/criminal contempt. The Court ordered that Defendant be sentenced to Mecklenburg County Jail for not less than 30 days and that the sentence was suspended and Defendant was placed on unsupervised probation for 12 months. As part of her sentence/probation, the Court further ordered the Debtor get both mortgage payments "caught up" and refinance both mortgages into her sole name by June 15, 2013. This included amounts owed that were attached at the end of the mortgage via forbearance. The Court also awarded interest and attorney fees that had accrued to Plaintiff.

15. Thereafter, the Defendant defaulted on the payments and Plaintiff filed a Motion for Criminal and Civil Contempt against Defendant on July 19, 2013 for violation of the Contempt Order.

16. To avoid active jail time for Defendant's failure to pay the restitution, the parties entered into a Consent Order Regarding Payment of Arrears on Mortgages and Other Expenses (hereinafter "Consent Order"). A copy of the Consent Order is attached hereto as Exhibit C.

17. The Consent Order awarded Plaintiff $60,840.00 to be paid by Defendant. Defendant was to make monthly payments of $200.00 and then increase those payments after October 2014 to avoid further contempt.

18. Debtor made sixteen (16) payments pursuant to this Order.

19. Upon information and belief, Defendant filed the above-captioned bankruptcy proceeding in order to avoid making future payments pursuant to the Contempt Order.

20. Plaintiff's claim is the largest debt in Debtor's Chapter 13 case except for the arrearages filed by the lender related to this same debt to Plaintiff. Plaintiff has paid this debt monthly to the lender.

21. Plaintiff alleges that this type of debt as stated in the Contempt Order is not a property settlement in the domestic case, but is instead a restitution and criminal fine awarded by the District Court included in Defendant's sentence for her contempt in failing to abide by previous orders of the Court pursuant to Section 1328 (a)(3) of the Bankruptcy Code.

WHEREFORE, Plaintiff prays the Court as follows:

1. That Plaintiff be awarded a judgment in the amount of $57,620.00 against the Debtor and that said judgment be adjudged to be non-dischargeable;

2. That Plaintiff recover the costs and expenses incurred in this action, including attorney's fee; and

3. That Plaintiff recover such other and further relief as the Court may deem just and proper.

This the 25 day of June, 2015.

BURT & CORDES, PLLC

By: /s/ Stacy C. Cordes
Stacy C. Cordes
State Bar No. 18122
122 Cherokee Road, Suite 1
Charlotte, North Carolina 28207
Telephone:    704.332.3282
Facsimile:    704.332.3324